**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 97-40862**
**Summary Calendar**
_____

**JOHNNY LEE ELLIS,**

**Plaintiff-Appellant,**

**VERSUS**

**J. E. MERIT CONSTRUCTORS INCORPORATED, a subsidiary**
**of Jacobs Engineering Group, Incorporated; ET AL,**

**Defendants,**

**J. E. MERIT CONSTRUCTORS INCORPORATED, a subsidiary**
**of Jacobs Engineering Group Incorporated,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
For the Southern District of Texas

(C-96-CV-669)
_____

April 28, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnny Lee Ellis ("Ellis"), a 55-year-old male of Native American national origin, started working for J. E. Merit Constructors Inc. ("Merit") as a pipe fitter in April 1993. On September 30, 1993, Merit discharged Ellis for alleged misconduct in violation of a company work rule after an incident in which Ellis and another co-worker opened and removed tools from a toolbox that belonged to another employee. Following his discharge, Ellis filed an EEOC charge of discrimination on June 30, 1994, and then on December 20, 1996 commenced suit in federal court asserting claims against Merit for discriminatory termination and assignment of employment duties on the basis on national origin and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621. On March 28, 1997 Merit moved for a summary judgment on Ellis' Title VII and ADEA claims and on May 21, 1997 the district court entered an Order granting Merit's Motion for Summary Judgment. Ellis now appeals.

We have carefully reviewed the briefs, the reply brief, the corrected reply brief, the record excerpts and various portions of the record itself. For the reasons stated by the district court in its Order filed May 21, 1997, we are convinced that the Final Judgment entered by the district court on May 21, 1997 should be, and the same is hereby, AFFIRMED.